# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

TRACY L. ROMANOSKEY,

    Plaintiff

v.

NANCY A. BERRYHILL,
Acting Commissioner
of Social Security[1]

    Defendant

CIVIL ACTION NO. 3:16-2540

(MANNION, D.J.)
(SAPORITO, M.J.)

FILED
SCRANTON

APR 2 6 2018

PER _____
DEPUTY CLERK

## MEMORANDUM

Pending before the court is the report and recommendation of Judge Saporito, (Doc. 18), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Saporito reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Titles II and XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The plaintiff, Tracy L.

---

[1] Nancy A. Berryhill is the Deputy Commissioner of Operations for Social Security and is presently acting in the capacity of Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security as the defendant in this suit.

Romanoskey, has filed objections to Judge Saporito's report.[2] (Doc. 19). The Commissioner responded to plaintiff's objections. (Doc. 20). For the following reasons, the report and recommendation is **ADOPTED**, plaintiff's appeal of the decision of the Commissioner will be **DENIED**, and plaintiff's objections will be **OVERRULED**.

I. **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also

---

[2]Plaintiff is represented by counsel in this case. The court notes that since Judge Saporito stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

2

Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a

3

whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

On June 3, 2013, Romanoskey protectively filed her application for DIB and SSI. She alleged that she became disabled on January 1, 2003. Plaintiff alleged she had the following impairments which rendered her disabled: post-traumatic stress disorder; depression; anxiety; panic disorder; bipolar; arthritis in back and shoulder; and degenerative joint disease.

Judge Saporito's report and recommendation ("R&R"), as well as the

4

initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Saporito's report with respect to his medical history, so they will be adopted. See Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step are in the record as well as in the R&R, the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III. DISCUSSION

The plaintiff raises two objections to the R&R claiming that Judge Saporito erred in his report with respect to his findings about the decision of the Administrative Law Judge ("ALJ"), to wit: (1) the judge erred by finding that the ALJ's credibility determination regarding plaintiff's testimony was proper since the ALJ based it on erroneous reasoning and, since the ALJ failed to make credibility findings with respect to plaintiff's witnesses, her mother, Cheryl Romanoskey and her boyfriend Carl Bittenbinder; and (2) the judge erred by finding that the ALJ properly rejected the opinion of the consultative

5

psychologist since it was based on erroneous reasoning.[3]

The court has considered the R&R, plaintiff's objections to the R&R as well as the Commissioner's response. Initially, the court finds that Judge Saporito correctly found that the ALJ did not err in assessing the plaintiff's credibility.

The ALJ is charged with the responsibility of determining a claimant's credibility. *See* Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." SSR 96-7p. The Third Circuit has stated that "[w]e 'ordinarily

---

[3]In his report, (Doc. 18 at 10-11), Judge Saporito specified the ALJ's RFC finding that plaintiff could perform light work with the following limitations:
> she must avoid concentrated exposure to unprotected heights. [She] must never climb ladders, ropes or scaffolds but could occasionally climb ramps and stairs. [She] must avoid occupations in the food preparation and healthcare industries. [She] must avoid concentrated exposure to extreme cold temperatures, wetness and noise levels in excess of level 3 noise intensity. [She] is further limited to simple, routine repetitive tasks with few work place changes. [She] is limited to occupations with a Specific Vocational Preparation (SVP) of 2 or below. [She] must avoid interaction with the public and is limited to no more than occasional interaction with supervisor and co-workers.

The ALJ is required to consider all relevant evidence in the record when assessing a plaintiff's RFC at step four. *See* Fargnoli v. Massanari, 247 F.3d 34, 41–42 (3d Cir. 2001).

defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor.'" Coleman v. Comm'r of Soc. Sec. 440 F. App'x 252, 253 (3d Cir. 2012) (quoting Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). "Credibility determinations are the province of the ALJ and should only be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, 2001 WL 793305 at *3 (E.D.Pa. July 11, 2001) (citing Van Horn v. Schwieker, 717 F.2d 871, 873 (3d Cir. 1983); Zirnsak v. Colvin, 777 F.3d 607, 612 (3d Cir. 2014) (an ALJ's credibility determination is entitled to great deference). An ALJ is not required to specifically mention relevant Social Security Rulings. See Holiday v. Barnhart, 76 F. App'x 479, 482 (3d Cir. 2003). It is enough that the ALJ's analysis by and large comports with relevant provisions. Id.

Judge Saporito found that the ALJ provided a detailed explanation to support his determination that plaintiff's testimony was not entirely credible as to her allegations regarding the intensity, persistence and limiting effects of her symptoms. The ALJ cited to the medical records to support his credibility finding, including plaintiff's denial of anxiety in 2014 and her report in 2015 that she had decreased anxiety and that things were going well. Additionally, in June 2009, plaintiff had an initial psychiatric evaluation when she was incarcerated at SCI-Muncy and she was found to have a Global Assessment of Functioning, ("GAF"), score of 55. A GAF score is a subjective scale previously set forth in the American Psychiatric Associations' Diagnostic and

7

Statistical Manual of Mental Health, ("DSM"), which "assesses how well an individual can function according to psychological, social, and occupational parameters, with the lowest scores assigned to individuals who are unable [to] care for themselves." Falcone v. Berryhill, 2018 WL 638453, at **4-5 (M.D.Pa. Jan. 31, 2018) (citing Pounds v. Astrue, 772 F.Supp.2d 713, 716, n.2 (W.D.Pa. 2011)). A GAF score allows a clinician to indicate his judgment of a person's overall psychological, social and occupational functioning, in order to assess the person's mental health illness, and is set within a particular range if either the symptom severity or the level of functioning falls within that range. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 3-32 (FOURTH). A GAF score of 51-60 represents moderate symptoms or any moderate difficulty in social, occupational, or school functioning. Plaintiff's antidepressant medications of Elavil and Paxil were also found to have helped her anxiety. Further, in December 2011, plaintiff had another initial psychiatric evaluation when she was again incarcerated at SCI-Muncy and she was found to have a GAF of 59.

Plaintiff argues that the only specific reason the ALJ gave with respect to his credibility finding for her was a statement made by a prison psychologist at SCI-Muncy, Lisa Hagerman, M.A., in April 2014, when plaintiff was incarcerated a third time, that plaintiff saw herself as a debilitated individual who was entitled to some sort of disability pension. Plaintiff states that the ALJ failed to consider the rest of Hagerman's statements in her report which

8

supported her testimony. However, as Judge Saporito found, the ALJ did consider the entire record and not just the one statement of Hagerman, and he considered the statements of plaintiff's mother and the testimony of plaintiff's boyfriend, (Tr. 23-24), when he evaluated plaintiff's credibility. The ALJ also properly evaluated plaintiff's subjective allegations as well as her witnesses' statements and, then he explained the basis for his credibility determination which clearly shows he considered all of the statements and the entire record.

Thus, the ALJ did give proper consideration to the plaintiff's subjective complaints in his decision. Considering the record as a whole and giving the substantial deference due, the court finds that the ALJ's assessment of the plaintiff's subjective complaints is supported by substantial evidence. As such, plaintiff's first objection to Judge Saporito's report will be overruled.

Secondly, plaintiff argues that the ALJ erred by rejecting the opinion of a consultative psychologist based on erroneous reasoning. Plaintiff argues that the ALJ gave limited weight to Dr. Timchack's August 2013 opinion, including his assessment as to her marked limitations from her mental impairments, as an overestimation of her limitations, based on an erroneous reason, namely, by finding that it was based on his lay opinion. She also argues that the ALJ erred by finding that Dr. Timchack's opinion was inconsistent with the longitudinal record from Scranton Counseling Center since there were no such records until December 2014, a few months before

the ALJ's decision.

Judge Saporito found that the ALJ properly "afforded 'limited weight' to [Dr. Timchack's] opinion because[,] when compared to the evidence of record, the opinion was an overestimation of [plaintiff's] limitations and was not supported by or consistent with the longitudinal records." Judge Saporito then stated that, "[a] review of treatment records from Scranton Counseling Center [from December 2014 and January 2015] reflect that [plaintiff] was doing well on medication with normal mental status examinations, and she had abstained from substance abuse." Thus, based on 20 C.F.R. §§404.1527(c)(4), 416.927(c)(4), Judge Saporito found that the ALJ properly evaluated the weight he afforded to Dr. Timchack's opinion since it was not consistent with the record as a whole, including records from Scranton Counseling Center. Thus, it was proper for the ALJ to give more weight to the more recent two months of treatment records from Scranton Counseling Center regarding plaintiff's mental status than to Dr. Timchack's one-time consultative examination in 2013.

Therefore, plaintiff's second objection to Judge Saporito's report will be overruled.

Accordingly, plaintiff's objections, (Doc. 19), to Judge Saporito's report, (Doc. 18), will be overruled, and the report will be adopted in its entirety.

## IV. CONCLUSION

In light of the foregoing, Judge Saporito's report and recommendation, (Doc. 18), is **ADOPTED**, and plaintiff's objections, (Doc. 19), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **DENIED** and, the Commissioner's decision is **AFFIRMED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 26, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2540-01.wpd